■ Scott A. Ziegler et al., Appellants, v Paul A. Zevnik et al., Defendants, and John K. Crossman et al., Respondents. [729 NYS2d 487] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 11, 2001, which granted the motion of defendants-respondents Zevnik Horton Guibord

McGovern Palmer & Fognani, L. L. P. (the Zevnik firm) and John Crossman to dismiss the first cause of action for dissolution of the Zevnik firm, and to dismiss the claims for punitive damages in the fourth and fifth causes of action, unanimously modified, on the law, to reinstate the first cause of action for dissolution, and otherwise affirmed, without costs.

Defendant Zevnik firm is organized under the laws of the District of Columbia. Plaintiffs became members of the firm in 1999, but the arrangement was terminated within a year, allegedly because of misrepresentations about the potential income plaintiffs were to receive, and because of questions over firm income. Plaintiffs thereafter commenced this lawsuit for breach of contract, fraud, and, in the first cause of action, for dissolution of the law firm. The motion court granted the motion to dismiss the first cause of action because the partnership agreement provided that the partnership would continue even after a partner's withdrawal.

Under the law of the District of Columbia, an at-will partnership dissolves upon withdrawal of one of the partners (1981 DC Stat § 41-158.1, now DC Code § 33-108.01), but a partnership agreement may contain a provision countermanding the default provisions of the statute (see, Neuman v Akman, 715 A2d 127, 132 n 6 [DC]). The District of Columbia Code also provides, however, that where a judicial determination has been made that one partner has engaged in conduct which makes it reasonably impractical to carry on the business in partnership, dissolution is mandated (DC Code § 33-108.01 [5] [B]). While the anti-default provisions of the partnership agreement may yet be found applicable, plaintiff has sufficiently alleged circumstances upon which dissolution would be statutorily mandated pursuant to District of Columbia Code § 33-108.01 (5) (B) and therefore that branch of defendants-respondents' motion seeking to dismiss plaintiffs' cause for dissolution pursuant to CPLR 3211 should have been denied. Concur—Nardelli, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.